IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CARDINAL MANAGEMENT SERVICES, LLC; CARDINAL SYSTEM HOLDINGS, LLC; and CARDINAL SYSTEM VENTURE HOLDINGS, LLC;<br><br>Plaintiffs,<br>v.<br><br>JOHN WHITE,<br><br>Defendant. | Case No.:<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Cardinal Management Services, LLC ("Cardinal Management"); Cardinal System Holdings, LLC ("Cardinal System"); and Cardinal System Venture Holdings, LLC ("Cardinal Venture") (collectively "Cardinal" or the "Company"), by and through their undersigned counsel, hereby brings this Original Complaint against Defendant John White ("White"), and in support state as follows:

## INTRODUCTION

After Cardinal discovered that White was egregiously violating his fiduciary duties to the Company, Cardinal terminated his employment for cause. Since then, Cardinal has learned that White developed and carried out an elaborate scheme to

unlawfully and fraudulently siphon money from Cardinal's business accounts for his own personal use and benefit. As a result, Cardinal files this Original Complaint asserting five causes of action against White.

## THE PARTIES

*Plaintiff Cardinal Management*

1. Cardinal Management is a Texas limited liability company, with its principal place of business at 2925 Richmond Avenue, Suite 1600, Houston, Texas 77098.

2. The members of Cardinal Management are (i) Cardinal Administrative Services, Inc.; and (ii) Cardinal System.

3. Cardinal Administrative Services, Inc. is a Texas corporation, with its principal place of business at 2925 Richmond Avenue, Suite 1600, Houston, Texas 77098.

4. The members of Cardinal System are (i) Troy Taylor, (ii) Lavonda Taylor, (iii) JVT Trust, and (iv) EJT Trust.

5. Troy Taylor and Lavonda Taylor are individuals who reside in Houston, Texas.

6. The trustee of JVT Trust and EJT Trust, Troy Taylor, is an individual who resides in Houston, Texas, and the distribution trustee of JVT Trust and EJT Trust, Adrian Patterson, is an individual who resides in Houston, Texas. The

beneficiaries of JVT Trust and EJT Trust are the children of Troy Taylor and Lavonda Taylor who also reside in Houston, Texas.

7. Accordingly, based on the citizenship of each member of Cardinal Management, the citizenship of Cardinal Management is Texas.

### *Plaintiff Cardinal System*

8. Plaintiff Cardinal System is a Delaware limited liability company, with its principal place of business at 2925 Richmond Avenue, Suite 1600, Houston, Texas 77098.

9. The members of Cardinal System are (i) Troy Taylor, (ii) Lavonda Taylor, (iii) JVT Trust, and (iv) EJT Trust.

10. Troy Taylor and Lavonda Taylor are individuals who reside in Houston, Texas.

11. The trustee of JVT Trust and EJT Trust, Troy Taylor, is an individual who resides in Houston, Texas, and the distribution trustee of JVT Trust and EJT Trust, Adrian Patterson, is an individual who resides in Houston, Texas. The beneficiary of JVT Trust and EJT Trust are the children of Troy and Lavonda Taylor who also reside in Houston, Texas.

12. Accordingly, based on the citizenship of each member of Cardinal System, the citizenship of Cardinal System is Texas.

*Plaintiff Cardinal Venture*

13. Cardinal Venture is a Delaware limited liability company, with its principal place of business at 2925 Richmond Avenue, Suite 1600, Houston, Texas 77098.

14. The members of Cardinal Venture are (i) Notre Famille Enterprises LLC ("Notre LLC"), and (ii) Cardinal System.

15. The members of Notre LLC are (i) Troy Taylor, and (ii) Lavonda Taylor.

16. The members of Cardinal System are (i) Troy Taylor, (ii) Lavonda Taylor, (iii) JVT Trust, and (iv) EJT Trust.

17. Troy Taylor and Lavonda Taylor are individuals who reside in Houston, Texas.

18. The trustee of JVT Trust and EJT Trust, Troy Taylor, is an individual who resides in Houston, Texas, and the distribution trustee of JVT Trust and EJT Trust, Adrian Patterson, is an individual who resides in Houston, Texas. The beneficiary of JVT Trust and EJT Trust are the children of Troy and Lavonda Taylor who also reside in Houston, Texas.

19. Accordingly, based on the citizenship of each member of Cardinal Venture, the citizenship of Cardinal Venture is Texas.

*Defendant White*

20.     Upon information and belief, White resides in the state of Florida at 4107 W North A Street Tampa, Florida 33609.

21.     Upon information and belief, White can be served at his residence, 4107 W North A Street Tampa, Florida 33609.

## JURISDICTION AND VENUE

22.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the jurisdictional amount and is between citizens of different states.

23.     This Court has personal jurisdiction over White because he resides in Florida, does business in Florida, otherwise has systematic and continuous contacts with Florida sufficient to establish general jurisdiction, and because the claims in this matter arise out of or relate to his contacts with Florida.

24.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of events giving rise to the causes of action asserted in this case occurred in this judicial district.

25.     All conditions precedent to maintaining this suit have been met or otherwise waived.

## FACTUAL BACKGROUND

26. White joined Cardinal in February 2018 as Managing Director, Business Development and Venture Investments.

27. In his role, White was responsible for leading investment and strategic partnership sourcing.

28. White also had access to Cardinal's books, records, funds, and accounts.

29. Cardinal terminated White "for cause" on September 23, 2021.

30. Following his termination, Cardinal uncovered that as early as 2019, White developed and carried out an elaborate scheme to unlawfully and fraudulently siphon money from Cardinal's accounts for his own personal use and benefit.

31. In March 2019, Cardinal entered into a contract with Plug and Play, LLC ("Plug and Play") for access to its network of startup companies and various other services.

32. As the Managing Director, White was responsible for executing the contract on Cardinal's behalf.

33. White provided a copy of the contract to Cardinal that included a "Fee Schedule" identifying the following fees owed to Plug and Play: $150,000 for "Ecosystem Partnership," $150,000 for "Forming Impact," $45,000 for "Summer

Search," $50,000 for "Cultural Shift Weekend," and a $1,000,000 Capital Commitment for "The Builder's Fund." Each of these fees was to be paid annually to Plug and Play for the years March 2019-February 2020, March 2020-February 2021, and March 2021-February 2022.

34. Cardinal's records show that White in fact made several of these payments using Cardinal funds. Specifically, in 2019, White made two payments to "Forming Impact" for $22,500 and $100,000. In 2019, 2020, and 2021, White made a $30,000 payment to "Summer Search" in his personal capacity. Further, White made a $50,000 payment each year in 2019 and in 2021 to "Cultural Shift Weekend." White also made a payment in 2020 to Kauffman Education for $80,000 and to Robert F. Kennedy Human Rights for $15,000. At all times, White represented to Cardinal that the payments were made for fees owed to Plug and Play under the contract.

35. After White was terminated, Cardinal learned that the contract provided by White was not the real contract between Cardinal and Plug and Play. Instead, White doctored the contract to defraud and steal from Cardinal.

36. When presented with a copy of White's doctored contract, Plug and Play had no knowledge of the contract or its terms. In particular, Plug and Play confirmed that under the terms of the real contract, the only fees owed to Plug and Play were the fees for the "Ecosystem Partnership." Plug and Play had no

knowledge of or affiliation with "Forming Impact," "Summer Search," "Cultural Shift Weekend," or "The Builder's Fund."

37. White's fraudulent misconduct did not end with the doctored Plug and Play contract.

38. As part of his employment, White received a corporate credit card for official business and travel related expenses.

39. In accordance with Cardinal's policies, Cardinal agreed to reimburse White for all reasonable and necessary business expenses incurred during his employment.

40. Following his termination, Cardinal paid White $15,948.51 for the sole purpose of White paying the outstanding balance on his company credit card. Instead of paying the Company credit card, White kept the funds and left Cardinal on the hook for the complete amount.

41. In yet another act of misconduct, Cardinal learned that White improperly gave away more of Cardinal's funds without authorization to Illumen Capital, LP (the "Illumen").

42. Cardinal is an investor in Illumen and is entitled to various distributions. In 2020, White gifted to Illumen Cardinal's distributions in the amount of $24,495.87. Cardinal did not approve White giving away Cardinal's distributions.

43. To date, Cardinal has learned that White misused and stole at least $447,944 of Cardinal's funds.

## COUNT I
## Conversion

44. Cardinal repeats the allegations in Paragraphs 1-43 as if set forth fully herein.

45. White, throughout his employment with Cardinal, stole funds from Cardinal and misappropriated them to his own benefit and use.

46. Despite Cardinal demanding the return of the funds he stole, White has refused.

47. White's conduct was done with malice, fraud, gross negligence, and/or was of criminal character.

## COUNT II
## Civil Remedy for Theft

48. Cardinal repeats the allegations in Paragraphs 1-43 as if set forth fully herein.

49. Pursuant to Florida Statute §772.11, on February 7, 2022, Cardinal served a written demand for $447,944 in damages. That demand was received that same day by White's counsel.

50. The demand was for actual damages sustained and therefore did not exceed the treble damage amount.

51. White failed to comply with the demand within 30 days after receipt of the demand.

52. Pursuant to Florida Statute §772.11, Cardinal is entitled to recover treble damages which are estimated at $1,343,832.  In addition, Cardinal is entitled to recover all attorney's fees and costs.

## COUNT III
### Breach of Fiduciary Duty and Duty of Loyalty

53. Cardinal repeats the allegations in Paragraphs 1-43 as if set forth fully herein.

54. Cardinal placed trust in White and appointed him as an officer with access to Cardinal's books, records, funds, and accounts.

55. A fiduciary relationship existed between White and Cardinal.

56. White was under a duty to act for the benefit of Cardinal within the scope of his employment relationship, and especially within the scope of his position as a Managing Director in charge of the very funds which he wrongfully stole and used for his own benefit.

57. White owed a duty of care and loyalty to Cardinal.

58. White breached his fiduciary duty and relationship with Cardinal to the great and continuous detriment of Cardinal.

## COUNT IV
### Constructive or Equitable Fraud

59. Cardinal repeats the allegations in Paragraphs 1-43 as if set forth fully herein.

60. A confidential relationship existed between Cardinal and White with Cardinal as the employer and White as the employee.

61. Cardinal placed trust and confidence in White that he would perform his role in the best interest of Cardinal.

62. As Managing Director, White had a role of authority as well as access and control to Cardinal's files, accounts, and funds, and was able to exert influence and authority over Cardinal's business operations, accounts and institutions entrusted with Cardinal's funds and receivables.

63. White abused and betrayed the confidence that Cardinal placed in him and took improper advantage of Cardinal by taking for his own use and benefit Cardinal's funds.

64. White intentionally and/or recklessly made material misrepresentations, omissions, and false statements about his use of Cardinal's funds.

65. Cardinal relied on these material misrepresentations, omissions, and false statements to its detriment and gave White continuous access to funds, accounts and receivables and continued employment.

66. White's actions constituted fraud and as a result Cardinal suffered great damage.

## COUNT V
### Unjust Enrichment

67. Cardinal repeats the allegations in Paragraphs 1-43 as if set forth fully herein.

68. White unjustly enriched himself, at Cardinal's expense, through his unauthorized diversion of Cardinal's funds for his personal use and benefit.

69. White voluntarily accepted and retained that benefit.

70. It would be inequitable for White to retain the benefit without paying Cardinal for the value of the benefit.

## DEMAND FOR JURY TRIAL

Cardinal hereby makes a demand for trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE Cardinal demands and prays the Court enter judgment in Plaintiffs' favor and award the following relief:

    A. Judgment for damages against White for all funds stolen along with all past, present, and future loss and economic damages caused by White's actions;

    B. An accounting of all funds misappropriated;

    C. An award of treble damages;

D. An award for Plaintiffs' attorney's fees and costs of this action;

E. An award of punitive damages;

F. An award of exemplary damages in connection with White's willful breach;

G. An award of pre- and post-judgment interest on any award; and

H. Any other relief as this Court deems just and proper.

| | |
|---|---|
| Dated:  August 8, 2022 | Respectfully submitted,<br><br>*/s/ John A. Schifino*<br>John A. Schifino, Esq.<br>Florida Bar No.: 72321<br>Jounice Nealy-Brown, Esq.<br>Florida Bar No.: 124793<br>**GUNSTER**<br>401 E. Jackson Street, Suite 2500<br>Tampa, Florida 33602<br>Tel:   (813) 222-6619<br>Fax:   (813) 228-6739<br>jschifino@gunster.com<br>jnealy-brown@gunster.com<br>csanders@gunster.com<br>tkennedy@gunster.com<br><br>*and*<br><br>**NORTON ROSE FULBRIGHT US LLP**<br><br>Kimberly Cheeseman, Esq. *(Motion for Pro Hac Vice To Be Filed)*<br>Jesika Silva Blanco, Esq. *(Motion for Pro Hac Vice To Be Filed)*<br>1301 McKinney, Suite 5100<br>Houston, TX 77010-3095<br>Telephone: (713) 651-5151<br>Facsimile: (713) 651-5246<br>kimberly.cheeseman@nortonrosefulbright.com<br>jesika.blanco@nortonrosefulbright.com<br><br>*Attorneys for Plaintiffs* |