## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |  |
|---|---|---|
| **CARDINAL MANAGEMENT SERVICES, LLC; CARDINAL SYSTEM HOLDINGS, LLC; and CARDINAL SYSTEM VENTURE HOLDINGS, LLC;** | § § § § § § § | |
| **Plaintiffs/Counter-Defendants,** | § | |
| **v.** | § § | |
| **JOHN WHITE,** | § § | **Case No. 8:22-cv-01795-MSS-JSS** |
| **Defendant/Counter-Plaintiff/Third-Party Plaintiff** | § § § | **JURY TRIAL DEMANDED** |
| **v.** | § § | |
| **TROY TAYLOR and COCA-COLA BEVERAGES FLORIDA, LLC** | § § § § § | |
| **Third-Party Defendants** | § | |

## COUNTER-DEFENDANTS AND THIRD-PARTY DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO COUNTER-PLAINTIFF/THIRD-PARTY PLAINTIFF'S COUNTER CLAIM AND THIRD-PARTY COMPLAINT

Plaintiffs/Counter-Defendants Cardinal Management Services, LLC,

Cardinal System Holdings, LLC, and Cardinal System Venture Holdings, LLC

(collectively "Cardinal") and Third-Party Defendants Troy Taylor ("Taylor") and

Coca-Cola Beverages Florida, LLC ("Coke Florida") file this Original Answer and Affirmative and Other Defenses to Defendant/Counter-Plaintiff/Third-Party Plaintiff John White's ("White") Counterclaim and Third-Party Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Cardinal, Taylor, and Coke Florida plead the following affirmative and other defenses, subject to further discovery, but do not assume the burden of proof except to the extent required on pure affirmative defenses:

1.  White's Counterclaim and Third-Party Complaint fail, in whole or in part, to state a cause of action against Cardinal, Taylor, and Coke Florida upon which relief can be granted and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

2.  Coke Florida is an improper defendant because it did not employ White.

3.  White cannot establish the requirements to show entitlement to an Accounting as a remedy. *Knee v. Nat'l Reserve Life Ins. Co.*, 918 F.2d 1538, 1541 (11th Cir. 1990).

4.  The evidentiary facts alleged in White's Counterclaim and Third-Party Complaint show neither complexity nor the inadequacy of a legal remedy. Accounting is therefore not appropriate and not necessary for the full adjudication of White's claims.

5. White's request for equitable relief in the form of an Accounting is not appropriate for a jury.

6. White has been fully compensated for all hours worked and for all pay to which he is entitled.

7. White's claims are barred, in whole or in part, because Cardinal, Taylor, and Coke Florida did not make an enforceable promise to White.

8. White's fraud claim wholly fails to meet the heightened pleading standard of Rule 9(b), which requires White to state with particularity the circumstances allegedly constituting fraud.

9. Subject to further discovery, White's claims are barred, in whole or in part, because he has not fulfilled all conditions precedent to the institution of this lawsuit.

10. Subject to further discovery, the alleged losses and damages, if any, of White are the result of, and directly related to, his own conduct, actions and/or failure to act.

11. White's claims are barred, in whole or in part, by the statute of limitations.

12. White's claims are barred, in whole or in part, by laches and/or waiver.

13. White's claims are barred, in whole or in part, by estoppel, fraud, and/or unclean hands.

14.   Cardinal, Taylor, and Coke Florida are entitled to a set off for any alleged damages owed to them as set forth in the Original Complaint.

15.   White's claims are barred, in whole or in part, by payment.

16.   White's claims are barred, in whole or in part, because the terms of his employment were governed by an express contract between White and Cardinal.

17.   White has failed to set forth, and will be unable to show, that no adequate remedy at law exists.

18.   White's claims for damages are capped in accordance with applicable law.

Cardinal, Taylor, and Coke Florida further reserve the right to assert other defenses reasonably in advance of trial.

## ORIGINAL ANSWER

Subject to the above and foregoing affirmative and other defenses, Cardinal, Taylor, and Coke Florida plead as follows to the specific allegations of White's Counterclaim and Third-Party Complaint:

## PREAMBLE

Cardinal, Taylor, and Coke Florida admit that White worked for Taylor as a Managing Director, Business Development and Venture Investments from 2018 through 2021, but deny the remaining allegations in White's Preamble.

## THE PARTIES

### Defendant/Counter-Plaintiff/Third-Party Plaintiff – John White

1.     Cardinal, Taylor, and Coke Florida admit that White is an individual but lack sufficient information to know where White currently resides and thus deny same.

### Plaintiff/Counterclaim Defendant – Cardinal Management Services, LLC

2.     Cardinal, Taylor, and Coke Florida admit the allegations contained in Paragraph 2 of White's Counterclaim and Third-Party Complaint.

3.     Cardinal, Taylor, and Coke Florida admit the allegations contained in Paragraph 3 of White's Counterclaim and Third-Party Complaint.

4.     Cardinal, Taylor, and Coke Florida admit the allegations contained in Paragraph 4 of White's Counterclaim and Third-Party Complaint.

5.     Cardinal, Taylor, and Coke Florida admit the allegations contained in Paragraph 5 of White's Counterclaim and Third-Party Complaint.

6.     Cardinal, Taylor, and Coke Florida admit the allegations contained in Paragraph 6 of White's Counterclaim and Third-Party Complaint.

### Plaintiff/Counterclaim Defendant – Cardinal System Holdings, LLC

7.     Cardinal, Taylor, and Coke Florida admit the allegations contained in Paragraph 7 of White's Counterclaim and Third-Party Complaint.

8.      Cardinal, Taylor, and Coke Florida admit the allegations contained in Paragraph 8 of White's Counterclaim and Third-Party Complaint.

9.      Cardinal, Taylor, and Coke Florida admit the allegations contained in Paragraph 9 of White's Counterclaim and Third-Party Complaint.

10.      Cardinal, Taylor, and Coke Florida admit the allegations contained in Paragraph 10 of White's Counterclaim and Third-Party Complaint.

**Plaintiff/Counterclaim Defendant – Cardinal System Venture Holdings, LLC**

11.      Cardinal, Taylor, and Coke Florida admit the allegations contained in Paragraph 11 of White's Counterclaim and Third-Party Complaint.

12.      Cardinal, Taylor, and Coke Florida admit the allegations contained in Paragraph 12 of White's Counterclaim and Third-Party Complaint.

13.      Cardinal, Taylor, and Coke Florida admit the allegations contained in Paragraph 13 of White's Counterclaim and Third-Party Complaint.

14.      Cardinal, Taylor, and Coke Florida admit the allegations contained in Paragraph 14 of White's Counterclaim and Third-Party Complaint.

15.      Cardinal, Taylor, and Coke Florida admit the allegations contained in Paragraph 15 of White's Counterclaim and Third-Party Complaint.

16.      Cardinal, Taylor, and Coke Florida admit the allegations contained in Paragraph 16 of White's Counterclaim and Third-Party Complaint.

**Third-Party Defendant – Troy Taylor**

17.    Cardinal, Taylor, and Coke Florida admit the allegations contained in Paragraph 17 of White's Counterclaim and Third-Party Complaint.

18.    Cardinal, Taylor, and Coke Florida admit the allegations contained in Paragraph 18 of White's Counterclaim and Third-Party Complaint.

19.    Cardinal, Taylor, and Coke Florida admit the allegations contained in Paragraph 19 of White's Counterclaim and Third-Party Complaint.

**Third-Party Defendant – Coca-Cola Beverages Florida, LLC**

20.    Cardinal, Taylor, and Coke Florida admit the allegations contained in Paragraph 20 of White's Counterclaim and Third-Party Complaint.

21.    Cardinal, Taylor, and Coke Florida admit that Cardinal Intermediate Holdings, LLC is a member of Coca-Cola Beverages Florida, LLC, but deny the remaining allegations contained in Paragraph 21 of White's Counterclaim and Third-Party Complaint.

## JURISDICTION AND VENUE

22.    Cardinal, Taylor, and Coke Florida admit that the Court has supplemental jurisdiction over the Counterclaim and Third-Party Complaint pursuant to 28 U.S.C. § 1367, but deny that White's allegations giving rise to such jurisdiction are true, that they engaged in any unlawful conduct, and that White is entitled to any relief.

23. Cardinal, Taylor, and Coke Florida admit that the Court has personal jurisdiction over Taylor, but deny the remaining allegations contained in Paragraph 23 of White's Counterclaim and Third-Party Complaint.

24. Cardinal, Taylor, and Coke Florida admit the allegations contained in Paragraph 24 of White's Counterclaim and Third-Party Complaint, but deny that Coke Florida is a proper party to this lawsuit.

25. Cardinal, Taylor, and Coke Florida admit that venue is proper in this district under 28 U.S.C. § 1391(b)(2), but deny the remaining allegations contained in Paragraph 25 of White's Counterclaim and Third-Party Complaint.

26. Cardinal, Taylor, and Coke Florida admit that White alleges damages in excess of $75,000 in his Counterclaim and Third-Party Complaint, but deny that they engaged in any unlawful conduct and that White is entitled to any relief.

27. Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 27 of White's Counterclaim and Third-Party Complaint.

## BACKGROUND

### *Mr. White's Employment*

28. Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 28 of White's Counterclaim and Third-Party Complaint.

29. Cardinal, Taylor, and Coke Florida admit that the allegations contained in Paragraph 29 of White's Counterclaim and Third-Party Complaint are quoted

portions from White's offer letter dated November 11, 2017, which is attached as Exhibit A to White's Counterclaim and Third-Party Complaint, but deny the remaining allegations contained in Paragraph 29 of White's Counterclaim and Third-Party Complaint.

30.     Cardinal, Taylor, and Coke Florida admit that Taylor was involved in negotiating White's employment, but deny the remaining allegations contained in Paragraph 30 of White's Counterclaim and Third-Party Complaint.

31.     Cardinal, Taylor, and Coke Florida admit that Cardinal Management issued White an offer letter dated November 11, 2017, and that White quotes select portions of the offer letter, but deny the remaining allegations contained in Paragraph 31 of White's Counterclaim and Third-Party Complaint.

32.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 32 of White's Counterclaim and Third-Party Complaint.

33.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 33 of White's Counterclaim and Third-Party Complaint.

34.     Cardinal, Taylor, and Coke Florida admit that White started working for Cardinal on February 15, 2018, but deny the remaining allegations contained in Paragraph 34 of White's Counterclaim and Third-Party Complaint.

35.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 35 of White's Counterclaim and Third-Party Complaint, including subparts (a) through (f) and footnote 1.

36.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 36 of White's Counterclaim and Third-Party Complaint, including footnote 2.

37.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 37 of White's Counterclaim and Third-Party Complaint.

38.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 38 of White's Counterclaim and Third-Party Complaint.

39.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 39 of White's Counterclaim and Third-Party Complaint.

40.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 40 of White's Counterclaim and Third-Party Complaint.

41.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 41 of White's Counterclaim and Third-Party Complaint.

42.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 42 of White's Counterclaim and Third-Party Complaint.

43.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 43 of White's Counterclaim and Third-Party Complaint.

44.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 44 of White's Counterclaim and Third-Party Complaint.

45.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 45 of White's Counterclaim and Third-Party Complaint.

46.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 46 of White's Counterclaim and Third-Party Complaint.

47.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 47 of White's Counterclaim and Third-Party Complaint.

48.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 48 of White's Counterclaim and Third-Party Complaint.

49.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 49 of White's Counterclaim and Third-Party Complaint.

50.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 50 of White's Counterclaim and Third-Party Complaint.

51.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 51 of White's Counterclaim and Third-Party Complaint.

52.     Cardinal, Taylor, and Coke Florida admit that White worked for Cardinal in 2020, but deny the remaining allegations contained in Paragraph 52 of White's Counterclaim and Third-Party Complaint.

53.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 53 of White's Counterclaim and Third-Party Complaint.

54.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 54 of White's Counterclaim and Third-Party Complaint.

55.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 55 of White's Counterclaim and Third-Party Complaint.

56.     Cardinal, Taylor, and Coke Florida admit that White worked for Cardinal in 2021, but deny the remaining allegations contained in Paragraph 56 of White's Counterclaim and Third-Party Complaint.

57.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 57 of White's Counterclaim and Third-Party Complaint.

### Mr. White's Profit-Sharing

58.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 58 of White's Counterclaim and Third-Party Complaint.

59.     Cardinal, Taylor, and Coke Florida admit that White attaches an e-mail dated October 26, 2019 as Exhibit Bbut deny that this is a complete and accurate representation of the entire communication and deny the remaining allegations contained in Paragraph 59 of White's Counterclaim and Third-Party Complaint.

60.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 60 of White's Counterclaim and Third-Party Complaint.

61.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 61 of White's Counterclaim and Third-Party Complaint.

62.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 62 of White's Counterclaim and Third-Party Complaint.

63.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 63 of White's Counterclaim and Third-Party Complaint.

64.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 64 of White's Counterclaim and Third-Party Complaint.

65.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 65 of White's Counterclaim and Third-Party Complaint.

66.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 66 of White's Counterclaim and Third-Party Complaint.

67.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 67 of White's Counterclaim and Third-Party Complaint.

68.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 68 of White's Counterclaim and Third-Party Complaint.

69.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 69 of White's Counterclaim and Third-Party Complaint.

70.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 70 of White's Counterclaim and Third-Party Complaint.

71.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 71 of White's Counterclaim and Third-Party Complaint.

### *Mr. White's Success Fee*

72.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 72 of White's Counterclaim and Third-Party Complaint.

73.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 73 of White's Counterclaim and Third-Party Complaint.

74.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 74 of White's Counterclaim and Third-Party Complaint.

75.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 75 of White's Counterclaim and Third-Party Complaint.

76.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 76 of White's Counterclaim and Third-Party Complaint.

77.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 77 of White's Counterclaim and Third-Party Complaint.

78.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 78 of White's Counterclaim and Third-Party Complaint.

79.     Cardinal, Taylor, and Coke Florida admit that Cardinal terminated White for cause on September 23, 2021, but deny the remaining allegations contained in Paragraph 79 of White's Counterclaim and Third-Party Complaint.

80.   Cardinal, Taylor, and Coke Florida admit that White has retained the law firm of Trenam, Kemker, Scharf, Barkin, Frye, O'Neil & Mullis, P.A. to represent him in this action, but lacks sufficient information regarding White's agreement to pay fees and thus deny same.

81.   Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 81 of White's Counterclaim and Third-Party Complaint.

## COUNT I – ACCOUNTING
### (White v. Cardinal Entities)

82.   Cardinal, Taylor, and Coke Florida admit that White incorporates by reference Paragraph 1-82, but deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.  Cardinal, Taylor, and Coke Florida further incorporate their previous and subsequent responses to White's allegations.

83.   Cardinal, Taylor, and Coke Florida admit that White is seeking to allege an action for an Accounting against the Cardinal Entities, but deny that Accounting is standalone cause of action, deny that White can establish the requirements to show entitlement to an Accounting as a remedy, and deny the remaining allegations contained in Paragraph 83 of White's Counterclaim and Third-Party Complaint. Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

84.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 84 of White's Counterclaim and Third-Party Complaint.   Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

85.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 85 of White's Counterclaim and Third-Party Complaint.   Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

86.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 86 of White's Counterclaim and Third-Party Complaint.   Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

87.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 87 of White's Counterclaim and Third-Party Complaint.   Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

Cardinal, Taylor, and Coke Florida admit that White prays for the relief outlined in the Prayer to Count I, but deny that such relief is appropriate, that they engaged in any unlawful conduct, and that White is entitled to any of the relief that he seeks.

## COUNT II – UNPAID WAGES
### (White v. Cardinal Entities and Coke Florida)

88.     Cardinal, Taylor, and Coke Florida admit that White incorporates by reference Paragraph 1-82 but deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.  Cardinal, Taylor, and Coke Florida further incorporate their previous and subsequent responses to White's allegations.

89.     Cardinal, Taylor, and Coke Florida admit that White is seeking to allege an action for an unpaid wages against the Cardinal Entities and Coke Florida, but deny that all Cardinal Entities employed White, deny that Coke Florida employed him, deny that he is owed any wages, and deny the remaining allegations contained in Paragraph 89 of White's Counterclaim and Third-Party Complaint.  Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

90.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 90 of White's Counterclaim and Third-Party Complaint.  Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

91.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 91 of White's Counterclaim and Third-Party Complaint.  Cardinal,

Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

92.   Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 92 of White's Counterclaim and Third-Party Complaint.   Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

93.   Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 93 of White's Counterclaim and Third-Party Complaint.   Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

94.   Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 94 of White's Counterclaim and Third-Party Complaint.   Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

Cardinal, Taylor, and Coke Florida admit that White prays for the relief outlined in the Prayer to Count II, but deny that such relief is appropriate, that they engaged in any unlawful conduct, and that White is entitled to any of the relief that he seeks.

## COUNT III – FRAUD
### (White v. Taylor)

95.     Cardinal, Taylor, and Coke Florida admit that White incorporates by reference Paragraph 1-82 but deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.  Cardinal, Taylor, and Coke Florida further incorporate their previous and subsequent responses to White's allegations.

96.     Cardinal, Taylor, and Coke Florida admit that White is seeking to allege an action for fraud against Taylor but deny that Taylor committed fraud and deny the remaining allegations contained in Paragraph 96 of White's Counterclaim and Third-Party Complaint.  Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

97.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 97 of White's Counterclaim and Third-Party Complaint.   Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

98.     Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 98 of White's Counterclaim and Third-Party Complaint.   Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

99.    Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 99 of White's Counterclaim and Third-Party Complaint.   Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

100.   Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 100 of White's Counterclaim and Third-Party Complaint.   Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

101.   Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 101 of White's Counterclaim and Third-Party Complaint.   Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

102.   Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 102 of White's Counterclaim and Third-Party Complaint.   Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

103.   Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 103 of White's Counterclaim and Third-Party Complaint.   Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

Cardinal, Taylor, and Coke Florida admit that White prays for the relief outlined in the Prayer to Count III, but deny that such relief is appropriate, that they engaged in any unlawful conduct, and that White is entitled to any of the relief that he seeks.

**COUNT IV – UNJUST ENRICHMENT**
**(White v. the Taylor Parties)**

104.   Cardinal, Taylor, and Coke Florida admit that White incorporates by reference Paragraph 1-82 but deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.  Cardinal, Taylor, and Coke Florida further incorporate their previous and subsequent responses to White's allegations.

105.   Cardinal, Taylor, and Coke Florida admit that White is seeking to allege an action for unjust enrichment against the Taylor Parties, but deny that Cardinal, Taylor, and Coke Florida were unjustly enriched and deny the remaining allegations contained in Paragraph 105 of White's Counterclaim and Third-Party Complaint. Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

106.   Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 106 of White's Counterclaim and Third-Party Complaint.   Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

107.   Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 107 of White's Counterclaim and Third-Party Complaint.   Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

108.   Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 108 of White's Counterclaim and Third-Party Complaint.   Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

109.   Cardinal, Taylor, and Coke Florida deny the allegations contained in Paragraph 109 of White's Counterclaim and Third-Party Complaint.   Cardinal, Taylor, and Coke Florida further deny that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

Cardinal, Taylor, and Coke Florida admit that White prays for the relief outlined in the Prayer to Count IV, but deny that such relief is appropriate, that they engaged in any unlawful conduct, and that White is entitled to any of the relief that he seeks.

## **DEMAND FOR JURY TRIAL**

Cardinal, Taylor, and Coke Florida admit that White has requested a jury trial on all triable claims but denies that they engaged in any unlawful conduct and that White is entitled to any of the relief that he seeks.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs/Counter-Defendants Cardinal Management Services, LLC, Cardinal System Holdings, LLC, and Cardinal System Venture Holdings, LLC; and Third-Party Defendants Troy Taylor and Coca-Cola Beverages Florida, LLC; pray that Defendant/Counter-Plaintiff/Third-Party Plaintiff John White's Counterclaim and Third-Party Complaint be dismissed with prejudice and denied in its entirety and that Cardinal, Taylor, and Coke Florida recover their costs of the lawsuit, reasonable attorneys' fees, and such other relief, in law or equity, to which it is justly entitled.

Dated: November 15, 2022        Respectfully submitted,

*/s/ Kimberly Cheeseman*
Kimberly Cheeseman, Esq. *(admitted pro hac)*
Jesika Silva Blanco, Esq. *(admitted pro hac)*
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, TX   77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
kimberly.cheeseman@nortonrosefulbright.com
jesika.blanco@nortonrosefulbright.com

*and*

John A. Schifino, Esq.
Florida Bar No.: 72321
Jounice L. Nealy-Brown, Esq.
Florida Bar No.: 124793
GUNSTER, YOAKLEY & STEWART, P.A.
401 E. Jackson Street, Suite 1500
Tampa, Florida 33602
Tel: (813) 739-6962
Fax: (813) 228-6739
jschifino@gunster.com
jnealy-brown@gunster.com
csanders@gunster.com
tkennedy@gunster.com

## CERTIFICATE OF SERVICE

I certify that on November 15, 2022, I electronically filed the foregoing responsive pleading to all counsel of record using the CM/ECF system.

*/s/ Kimberly Cheeseman*
Kimberly Cheeseman